## CHRISTENSON v. THE CENTRAL IOWA R'Y Co.

1. **Bill of Exceptions**: FILED IN DISREGARD OF RULE OF COURT: STRICKEN OUT. Where there was a rule in the trial court that bills of exceptions might be filed after the adjournment of the term, but requiring the excepting party to prepare and submit to opposing counsel his bill of exceptions within thirty days after adjournment, and, by agreement of counsel, defendant was allowed ninety days in which to prepare his bill of exceptions, *held* that the extension of the time by agreement did not relieve defendant of its duty to submit its exceptions to the opposing counsel, and, for this failure, its bill of exceptions must be stricken out, upon motion in this court.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, OCTOBER 17, 1883.

THIS is an action to recover damages for the burning of plaintiff's grain by a fire set out by a locomotive upon defendant's road. There was a jury trial, resulting in a verdict and judgment for the plaintiff. The defendant appeals.

*H. E. J. Boardman, J. H. Blair* and *A. C. Daly,* for appellant.

*Dow & Gilger,* for appellee.

DAY, CH. J.—I. The appellee filed and submitted with this case a motion to strike the appellant's bill of exceptions from the files, upon the ground that the appellant failed to serve a copy of his bill of exceptions upon the attorney of appellee, as required by the rule of court. A rule of court in the district in which the cause was tried provides as follows: "Bills of exceptions may be settled after the adjournment of the term, unless objection be made and entered of record in term, and without such objection the parties will be presumed conclusively to consent thereto. Within thirty days after the adjournment the party excepting shall prepare his bill and serve a copy thereof upon the attorney of the

opposite party, who shall be deemed to consent to the correctness of the same, unless within ten days thereafter he shall serve amendments upon the attorney from whom he received a copy of the bill, and within ten days thereafter said bill of exceptions shall be settled by the judge, unless a different manner be agreed to in writing." It is clearly shown that the appellant did not comply with this rule, and did not at any time serve a copy of the bill of exceptions upon the attorney of the appellee. It appears that the appellee consented that the bill of exceptions might be settled and filed within ninety days from the adjournment of the term. The effect of this agreement was to extend the time within which the copy of the bill of exceptions should be served upon appellee's attorney, and not to waive such service altogether. Indeed, we are authorized to conclude that appellee's attorney consented to such extension of time in reliance upon the rule, and with the expectation that he would have an opportunity to examine and pass upon the correctness of the bill, before it would be presented to the judge for his signature. The rule is a very reasonable and proper one, and appellant had no right to disregard or ignore it. It cannot be expected that, in the multiform business coming before a *nisi prius* judge, he can be able, ninety days after the adjournment of a term, to properly settle bills of exceptions in the causes tried at the term, without the assistance of counsel. He ought not to derive this assistance from the attorney of appellant alone. The motion to strike out the bill of exceptions must be sustained.

II. The bill of exceptions being stricken out, no question remains which we can properly or understandingly consider. The appellant insists that the court erred in refusing to separate the witnesses, and in allowing the attorney of the appellee improperly to go outside the record in the argument of the case. But, without the bill of exceptions, the record does not show what transpired in these regards. The appellant also complains of the giving of certain instructions,

and of the refusal to give instructions asked. Without any evidence in the case, we cannot find that there was any error as to the instructions which was prejudicial to the appellant. The judgment is

AFFIRMED.